## CONFIDENTIAL
## SETTLEMENT AGREEMENT, GENERAL RELEASE AND COVENANT NOT TO SUE

This Confidential Settlement Agreement, General Release and Covenant Not to Sue ("Agreement") is made and entered into by and between Juan Carlos Salas-Pizarro (the "Plaintiff") and Baywood Hotels, Inc., MIA Hospitality, LLC. a/k/a Fairfield Inn and Suites Miami Airport South, Doral Hospitality, Inc., d/b/a Fairfield Inn Miami Airport and Natalia Fernandez, individually ("Defendants").

### Recitals

Plaintiff filed a Complaint in the United States District Court for the Southern District of Florida, Case Number 1:15-CV-22675-KMW (the "Civil Action"), claiming that the Defendants violated the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. (the "FLSA"). The Defendants deny that they are liable to Plaintiff under the allegations set forth in the Civil Action or any other cause of action that could arise out of Plaintiff's employment with the Defendants. The parties entered into good faith settlement negotiations resulting in this Agreement. The purpose of this Agreement is to settle any and all prior and existing disputes, claims and controversies between the parties without the cost and expense of litigation, and to bar any and all future disputes, claims and controversies between the parties which may arise out of any facts or events, known or unknown that have occurred up to the execution of this Agreement.

THEREFORE, in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties expressly, knowingly and voluntarily agree as follows:

1. This Agreement shall not in any way be construed as an admission by the Defendants of any unlawful or wrongful acts whatsoever. The parties hereto recognize and agree that the Defendants, as a part of this Agreement between the parties, deny any wrongdoing or any violation of law or any liability to Plaintiff as a result of or arising out of the matters set forth in the Complaint,

1



or Plaintiff's employment with Defendants. The parties have agreed to settle this case to avoid the uncertainties of litigation and have therefore further agreed to compromise Plaintiff's claims. Defendants maintain that Plaintiff was exempt from the FLSA based upon various exemptions under the FLSA.

2. In full settlement of Plaintiff's claims, inclusive of attorneys' fees and costs, Defendants shall pay the total sum of Fifteen Thousand Dollars ($15,000.00) in FLSA wages and liquidated damages, and attorneys' fees and costs, payable as follows:

a. Defendants shall pay to Plaintiff Nine Thousand dollars ($9,000.00) in two (2) separate checks: (i) one check for Four Thousand Five Hundred Dollars ($4,500.00), which will be subject to applicable withholding taxes; and (ii) one check for Four Thousand Five Hundred Dollars ($4,500.00), representing liquidated damages which will not be subject to any withholdings.

b. Defendants shall pay to Zandro E. Palma, P.A. ("Palma, P.A.") Six Thousand Dollars ($6,000.00) representing attorneys' fees and costs.

c. Plaintiff and an authorized representative of Zandro E. Palma, P.A., shall each execute a separate Form W-9 and deliver them to the Defendants' counsel prior to disbursement of any of the settlement funds, and funds will not be disbursed until the expiration of the rescission period set forth below.

d. Defendants will tender the Settlement Sums in this Paragraph no later than 7 days after Plaintiff signs the Agreement, provided the Court has entered an Order of Dismissal with Prejudice.

3. Plaintiff agrees and understands that he will assume fully all tax obligations, if any, on said Settlement Funds and he shall be exclusively liable for the payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal or state laws of any kind, with respect to the monies paid by the Defendants to Plaintiff pursuant to the terms of this Agreement between the parties. Further,

2

Plaintiff agrees to indemnify and hold harmless the Defendants for any and all tax liability which he incurs for any portion of the Settlement Funds which are later deemed to constitute wages or other taxable income for Plaintiff. Plaintiff further acknowledges that neither the Defendants, nor any of their representatives or attorneys, have made any promise, representation or warranty, express or implied, regarding the tax consequences of any consideration paid to the Plaintiff pursuant to this Agreement.

4. The parties shall file a Joint Motion for Approval of Settlement and Stipulation for Dismissal with Prejudice, seeking the Court's approval of this Agreement on or by October 16, 2015.

5. Plaintiff, on his own behalf and for his heirs, legal representatives, agents, attorneys, personal representatives, successors and assigns, covenants not to sue, and expressly releases, and holds harmless the Defendants, and any and all affiliated persons or business entities, including but not limited to, any and all parent companies, sister companies, related entities, subsidiaries, affiliates, predecessors, successors, and assigns, together with their respective current and former officers, owners, directors, shareholders, members, partners, insurance carriers, agents, attorneys, representatives, and employees, their respective heirs, and together with all persons, firms or corporations charged or chargeable with responsibility or liability (collectively "the Releasees"), from any and all actions, causes of action, suits, debts, sums of money, accounts, reckonings, contracts, agreements, promises, damages, judgments, executions, claims and demands of any nature whatsoever arising at law or in equity, which Plaintiff may have had, may now have or may have in the future, both known and unknown, against the Releasees, from the beginning of the world to the date of the execution of this Agreement, including but not limited to, any claim arising out of Plaintiff's employment by the Defendants, and specifically including actions for equitable or declaratory relief of any kind, reinstatement, back pay, severance benefits under any severance plan, damages or compensatory relief of any kind, punitive or liquidated damages of any kind, violations

of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Family and Medical Leave Act, the Fair Labor Standards Act, ERISA, the Florida Civil Rights Act, Florida's Workers' Compensation Law, or for costs, attorneys' fees or interest available under United States or state constitution, statute, law or regulation, municipal ordinance or regulation, or common law. This Release is given in exchange for consideration that Plaintiff was not otherwise entitled to and does not apply to any claim or cause of action arising after Plaintiff sign this Agreement. Defendants hereby covenant not to sue, and expressly releases, and holds harmless Plaintiff from any and all actions, causes of action, suits, debts, sums of money, accounts, reckonings, contracts, agreements, promises, damages, judgments, executions, claims and demands of any nature whatsoever arising at law or in equity, which Defendants may have had, may now have or may have in the future, both known and unknown, against Plaintiff, from the beginning of the world to the date of the execution of this Agreement, including but not limited to, any claim arising out of Plaintiff's employment by or relationship with Defendants.

6. Plaintiff understands that this Agreement and the Release contained herein are a complete waiver, release and discharge all claims of any kind which Plaintiff may have against the Defendants, and Plaintiff has entered into this Agreement knowingly and voluntarily. Plaintiff acknowledges that he was advised to consult with an attorney prior to executing this Agreement, and has in fact done so.

7. Effective the date of this Agreement, all parties and their respective counsel agree that they will maintain in strict confidence any facts regarding the existence of the Civil Action and the terms and conditions of this Agreement, and shall not disclose the existence of, or the terms or conditions of, such document to any person except their spouses, accountants, or attorneys, or as required by law, pursuant to binding Court order or subpoena or tax authority demand. If questioned by anyone regarding the outcome of this matter, the parties are to state that: "the matter has been

resolved," "settled," or use similar language in addressing the matter. The parties agree that notice of receipt of a judicial order or subpoena by one party shall be immediately communicated to the other telephonically and confirmed immediately thereafter in writing so that the other party will have the opportunity to assert what rights it may have in non-disclosure prior to any response to the order or subpoena.

8. Plaintiff agrees not to make any derogatory or disparaging statements to anyone regarding Defendants, any of their parent companies, subsidiaries, affiliated entities or past or present employees, officers or owners. Plaintiff further agrees that he will not take any action intended, or which may reasonably be expected, directly or indirectly, to impair the good will, business reputation or good name of Defendants, any of their parent companies, subsidiaries, and affiliated entities or past or present employees, officers or owners. Defendant, Natalia Fernandez, agrees not to make any derogatory or disparaging statements to anyone regarding Plaintiff.

9. Defendants agree to provide a neutral reference regarding Plaintiff to a prospective employer who contacts Defendants regarding future employment, including dates of employment and position held. Such requests should be directed to Human Resources, with any additional requests for more detailed information directed to Mr. Romulo Vallejo, Regional Vice President of Operations Southeast.

10. As part of the settlement, Plaintiff specifically permanently waives any present and future claim to reinstatement or employment with Defendants, and specifically with any property which at the time Plaintiff is seeking employment is owned and operated by Baywood Hotels, Inc. As part of this Agreement, Plaintiff further specifically agrees, as a condition of his receipt and retention of the sums provided for herein, not to knowingly and intentionally seek employment with any property that is owned and operated by Defendant Baywood Hotels, Inc., at the time Plaintiff is seeking employment.

11. Plaintiff agrees not to assist any future claimants against Defendants in any manner, including but not limited to, testifying in support of any claims, speaking with their attorneys regarding any claims, or giving any written or verbal declarations regarding any claims, unless compelled by the court.

12. Plaintiff represent that he has not instituted and Plaintiff promises not to institute on his behalf any lawsuit or other proceeding against the Defendants based upon any claim that he has waived or released herein. This Agreement is not intended to limit Plaintiff's right of access to any government agency, nor Plaintiff's right to participate in any investigation by any government agency. However, Plaintiff agrees that, with respect to the claims he is waiving herein, he is waiving not only his respective right to recover money or other relief in such an action, but also that he is waiving his right to recover money or other relief in any action that might be brought on his behalf by any other person or entity.

13. This Agreement shall be governed by the laws of the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of the State of Florida, and shall be subject to the exclusive jurisdiction of the United States District Court for the Southern District of Florida, which shall retain jurisdiction to enforce this Agreement.

14. This Agreement constitutes the entire agreement between the parties, and no other promises or agreements shall be binding unless signed by all parties. All prior representations regarding this Agreement are expressly disclaimed by all parties unless incorporated in this Agreement.

15. Plaintiff represents and affirms that he has not suffered and/or sustained any work-related accidents, injuries and/or occupational diseases while employed by the Defendants for which issues of liability have not already been fully resolved.

16. **The Plaintiff shall have a period of 21 days from his receipt of this**

Agreement within which to review the Agreement and to determine whether or not to enter into it and the Release contained herein. The parties agree that any revisions to the original version of this Agreement will not re-start said 21-day period.

17. The Plaintiff shall have seven (7) days from and after the date of his execution of this Agreement within which to rescind it. Rescission shall be in writing, delivered to the Defendants as set forth below. To be effective, rescission must be physically delivered on or before the end of the seventh calendar day from Plaintiff' execution of this Agreement.

18. If any clause or provision in this Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.

19. The parties affirm that this Agreement is the product of negotiation and agree that it shall not be construed for or against either party on the basis of sole authorship.

20. Any written notices required to be made hereunder shall be made to the following:

For the Defendants:
Alan D. Danz, Esq.
Danz & Kronengold, P.L.
10620 Griffin Road, Suite 201
Cooper City, FL. 33328

For Plaintiff:
Zandro E. Palma, Esq.
Zandro E. Palma, P.A.
3100 South Dixie Highway
Suite 202
Miami, FL 33133

21. In the event that litigation becomes necessary to enforce the terms of this Agreement, the prevailing party shall be entitled to his, her, its, or their reasonable attorneys' fees and costs.

22. The parties acknowledge and agree that this Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile

21. In the event that litigation becomes necessary to enforce the terms of this Agreement, the prevailing party shall be entitled to his, her, its, or their reasonable attorneys' fees and costs.

22. The parties acknowledge and agree that this Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

THE PARTIES ACKNOWLEDGE THAT EACH HAS BEEN REPRESENTED BY COUNSEL IN THE NEGOTIATION AND PREPARATION OF THIS AGREEMENT, THAT EACH HAS READ SAID DOCUMENT, THAT EACH HAS HAD A REASONABLE PERIOD OF TIME WITHIN WHICH TO CONSIDER THIS AGREEMENT AND THAT EACH IS SIGNING THIS AGREEMENT KNOWINGLY AND VOLUNTARILY WITH THE FULL INTENT TO BE BOUND BY ALL OF ITS TERMS.

DATED this ___14___ day of October, 2015.

Juan Carlos Salas-Pizarro

_____

Baywood Hotels, Inc.

By:_____
Title:_____

MIA Hospitality, LLC. a/k/a Fairfield Inn and Suites Miami Airport South

By:_____
Title:_____

Doral Hospitality, Inc., d/b/a Fairfield Inn Miami Airport

_____

8

signature has the full force and effect of an original signature.

THE PARTIES ACKNOWLEDGE THAT EACH HAS BEEN REPRESENTED BY COUNSEL IN THE NEGOTIATION AND PREPARATION OF THIS AGREEMENT, THAT EACH HAS READ SAID DOCUMENT, THAT EACH HAS HAD A REASONABLE PERIOD OF TIME WITHIN WHICH TO CONSIDER THIS AGREEMENT AND THAT EACH IS SIGNING THIS AGREEMENT KNOWINGLY AND VOLUNTARILY WITH THE FULL INTENT TO BE BOUND BY ALL OF ITS TERMS.

DATED this 15th day of October, 2015.

Juan Carlos Salas-Pizarro

_____

Baywood Hotels, Inc.
By: _____
Title: Romulo Vallejo
VP Operations

MIA Hospitality, LLC. a/k/a Fairfield Inn and Suites Miami Airport South
By: _____
Title: Romulo Vallejo
VP Operations

Doral Hospitality, Inc., d/b/a Fairfield Inn Miami Airport
By: _____
Title: Romulo Vallejo
VP Operations

Natalia Fernandez

_____

8